UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DOREEN G. DAVIS,                )
                                )
        Plaintiff               )
                                )
v.                              )   No. 1:10-cv-90-JAW
                                )
MICHAEL J. ASTRUE,              )
Commissioner of Social Security,)
                                )
        Defendant               )

## REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal presents the following questions: whether the administrative law judge properly relied on the report of a non-examining state-agency psychologist, whether the hypothetical question posed to the vocational expert was correct, and whether the vocational expert's testimony was consistent with the Dictionary of Occupational Titles ("DOT").[2] I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from a major depressive disorder, a generalized anxiety disorder, alcohol abuse, status post fracture of the left lateral malleolus (July 11, 2008), status post non-displaced spiral fracture of the distal left

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by the court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific
[2] At oral argument, the plaintiff's attorney withdrew the portion of this issue that dealt with the General Educational Development reasoning level assigned to the jobs at issue by the DOT.

fibula (July 11, 2008); arthritis of the subtalar joint and the posterior talocalcaneal joint of the left foot, a history of acute bilateral supraorbital hematomas, more pronounced on the right than the left (diagnosed in June 2009), and hypertension, impairments that were severe but which, considered individually or in any combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, Record at 10-17; that she retained the residual functional capacity ("RFC") to lift and carry 10 pounds on a frequent basis and 20 pounds occasionally, stand and/or walk for four to five hours in an eight-hour workday, sit for about six hours in an eight-hour workday, occasionally climb stairs or ramps,[3] kneel, crouch, or stoop, but not to climb ladders, or scaffolds, crawl, or operate foot controls with her left lower extremity, work in unprotected heights or in proximity to dangerous machinery, walk on irregular or sloping work surfaces or uneven terrain, and she is limited to the performance of unskilled, routine, repetitive tasks and brief and superficial contact with the public, in which context she can maintain concentration, attention, focus, persistence, and pace, Finding 5, *id*. at 19; that she was unable to perform any past relevant work, Finding 6, *id*. at 25; that, given her age (49 on the alleged date of onset of disability, April 1, 2007), at least a high school education, work experience, and RFC, use of the Medical-Vocational Rules in Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid"), as a framework for decision-making led to the conclusion that there were jobs existing in significant numbers in the national economy that the plaintiff could perform, including checker and sorter of miscellaneous fabricated wood products, Findings 7-10, *id*. at 25-26; and that, therefore, the plaintiff had not been under a disability, as that term is defined in the Social Security Act, at any time from the alleged date of onset through the date of the decision, September 21, 2009, Finding 11, *id*. at 26-27. The

---

[3] The administrative law judge's opinion includes limitations both to occasional climbing of ramps and no climbing of ramps. Record at 19. I have included it in the limitation I consider most likely, but, in any event, this discrepancy has no bearing on the outcome of this appeal.

Decision Review Board failed to complete its review in the time allowed, *id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 405.450(b); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## Discussion

### A. Dr. Lester's Report

The plaintiff contends that the administrative law judge erred in basing her determination of the plaintiff's RFC on the report of Dr. Lewis Lester, a psychologist who reviewed the plaintiff's records on behalf of the state disability determination service. Statement of Specific Errors ("Itemized Statement") (Docket No. 9) at 2-6. It is difficult to discern from her itemized statement what the practical effect of the plaintiff's argument is, however, because she does not

3

say what specific portion of the administrative law judge's opinion would necessarily have a different outcome if Dr. Lester's report were not considered.

The administrative law judge relied on Dr. Lester's report only at Step 3 of the sequential evaluation process, Record at 18-19, but the plaintiff does not argue that the administrative law judge should have found that any of her specific impairments met or medically equaled the criteria of any Listing. If the plaintiff truly means only that Dr. Lester's conclusions "cannot be considered as substantial evidence," Itemized Statement at 4, she has not specified what effect she contends that the exclusion of those conclusions should have. The administrative law judge found at Step 3 that no Listing was met or equaled. If this is the conclusion that is not based on substantial evidence, what conclusion should replace it, and upon what evidence should it be based? The plaintiff has not presented the court with any basis upon which remand is indicated with respect to her first argument.

### B. Limitation in Concentration, Persistence, or Pace

The plaintiff next challenges the administrative law judge's perceived failure to include in the RFC that she assigned to the plaintiff the limitations in concentration, persistence, or pace found by Dr. Lester and "adopted" by the administrative law judge. *Id*. at 4. Specifically, she contends that the administrative law judge "usurped the role of the vocational expert" by stating "instead" that the plaintiff was able to "maintain concentration, attention, focus, persistence and pace" in the context of performing "unskilled, routine, repetitive tasks." *Id*. at 4-5. The plaintiff cites this court's opinion in *Maldonado v. Astrue*, Civil No. 08-412-B-W, 2009 WL 1885057 (D. Me. June 30, 2009), in support of her position.

In the case at hand, the administrative law judge asked the vocational expert a hypothetical question that closely corresponds to the RFC that she ultimately assigned to the

4

plaintiff, Record at 72-73, and the vocational expert did not appear to have any difficulty understanding the question, nor did he object to the question. The mental limitation included in the hypothetical question and the RFC appear to arise from Dr. Lester's statement that the plaintiff "can understand and remember simple, repetitive tasks and procedures. . . . She can be reliable and sustain 2-hour blocks at simple and moderately detailed tasks at a consistent pace over a normal work day/week." *Id*. at 18.

In *Maldonado*, the administrative law judge found that the claimant "has the residual functional capacity to perform sedentary work, except that her ADHD restricted her to unskilled work[.]" 2009 WL 1885057 at *1. "He found moderate difficulties '[w]ith regard to concentration, persistence or pace,' . . . which must necessarily be the source of the limitation to unskilled work that he assigned due to the ADHD. A full paragraph addresses these difficulties[.]" *Id*. at *4. I was "concerned that [the administrative law judge's] decision ignores strong evidence of an impairment of the ability to concentrate or persist with a task that may be inconsistent with a limitation to unskilled work." *Id*. It was not clear whether the administrative law judge meant to find that the moderate difficulties in concentration, persistence, or pace did not affect any of the mental activities required by unskilled work. *Id*. at *5.

It was at the point at which the administrative law judge found that a moderate impairment in the area of concentration, persistence, and pace, limiting the claimant to one to two step tasks, limited the claimant to unskilled jobs that I concluded that he invaded the province of a vocational expert. *Id*. at *6. That is not what happened in the instant case: the administrative law judge's hypothetical question and the RFC she assigned to the plaintiff both limited the claimant to "unskilled, routine, repetitive tasks, and within this context she can maintain concentration, attention, focus, persistence and pace[.]" Record at 19, 73. In

5

*Maldonado*, the administrative law judge essentially equated unskilled jobs and a moderate limitation in concentration, persistence, and pace, while here, the administrative law judge used the limitation to modify the universe of unskilled jobs. The vocational expert in this case did exactly what the plaintiff says he should do: "identify the impact of moderate limitations in concentration, persistence, or pace on specific jobs." Itemized Statement at 6.

The plaintiff is not entitled to remand on this basis.

### C. Relevance of Vocational Expert Testimony

The plaintiff next contends that "[t]he residual functional capacity provided to the [vocational expert] failed to include any limitations with respect to the Plaintiff's difficulties with concentration, persistence, or pace." *Id.* As I have already discussed, the hypothetical question posed by the administrative law judge to the vocational expert included a limitation to routine, repetitive tasks, which was expressly described as the "context" in which she could maintain adequate concentration, persistence, and pace. Record at 72-73.

There is no basis for remand in the plaintiff's presentation of this issue.

### D. Consistency of Vocational Expert Testimony with DOT

The plaintiff contends that the rule requiring an administrative law judge to ask a vocational expert to reconcile his or her testimony with the DOT was violated when the administrative law judge in this case adopted the vocational expert's testimony that the job of "sorter of miscellaneous fabricated wood products" would be available to the plaintiff, because the DOT number given by the vocational expert for that job, Record at 76, is actually for the job of "assembler, small products II." Itemized Statement at 7. Even if this were an error, however, it is harmless, because the job of checker I would remain available to the plaintiff, and this court has held that a single job can be sufficient to meet the requirement that a job or jobs be available

to an individual with the claimant's RFC in significant numbers in the national economy to support a finding at Step 5 that the claimant is not disabled. *See, e.g., Brun v. Barnhart*, No. 03-44-B-W, 2004 WL 413305, at *5-*6 (D. Me. Apr. 5, 2004).

### Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 22nd day of December, 2010.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge